UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STEVEN HANSON and RANDALL PELLETIER, on behalf of themselves and all others similarly situated,<br>PLAINTIFFS,<br><br>v.<br><br>SCOTT R. JENSEN, in his official capacity as Director of the Rhode Island Department of Labor and Training<br>DEFENDANT | CLASS ACTION COMPLAINT<br><br>Case Number: |

## CLASS ACTION COMPLAINT

**Preliminary Statement**

1. Plaintiff Steven Hanson is a recipient of Unemployment Insurance benefits (UIB). He is self-employed as a real estate appraiser. He had a stroke in the first weekend of March 2020, and he has uncontrolled blood pressure. His treating physician advised him that he was at high risk of COVID-19 and advised him to stop working because of the danger to his life posed by exposure to the virus. He applied for unemployment. His claim was dated April 19, 2020, and it was approved with an effective date of April 20, 2020. Plaintiff's UIB started on April 21, 2020, but he did not receive any additional payments. His UIB was stopped without any written or other notice to Mr. Hanson. He has not been informed of any reason why his benefits were stopped, nor has he been informed about how to get his benefits to start again.

2. Randall Pelletier is a recipient of UIB. He has been out of work since December 2019. His most recent unemployment claim was acknowledged as made on March 11, 2020 with an effective date of March 8, 2020. He began receiving UIB on or about March 24, 2020. He

recertified for each of the following weeks, but he received no payment on May 5, 2020 or May 12, 2020. He never received any written notice about the stoppage of his UIB.

3. Accordingly, Plaintiffs bring this action on behalf of themselves and a proposed class of similarly situated individuals challenging Defendant's policies and practices of stopping UI benefits without notice of Defendant's action, reasons, justification, or what they can do about it.

## JURISDICTION AND VENUE

4. Jurisdiction over this action is conferred upon this Court by 28 U.S.C. § 1331, which provides for jurisdiction in the United States district courts over civil actions arising under the Constitution, laws, or treaties of the United States, as well as 28 U.S.C. §§ 1343, 2201, and 2202.

5. This action is brought under 42 U.S.C. § 1983 to redress the deprivation of federal statutory and constitutional rights.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(2) in that a substantial part of the events or omissions giving rise to this claim occurred within the judicial district of Rhode Island.

## CLASS ALLEGATIONS

7. Plaintiffs bring this action under Federal Rule of Civil Procedure Rule 23(a) and (b)(2) on behalf of a class defined as follows:

> Individuals who are or at any time on or after March 1, 2020 have been eligible for Rhode Island Unemployment Insurance Benefits (UIB) and have been determined eligible for UIB by the Rhode Island Department of Labor and Training, and who, subsequent to receiving approval for the UIB and receiving at least one payment of UIB, stopped receiving UIB when due without any written advance notice, or any written notice concurrent with the stoppage of UIB or any individualized notice of any kind, and those who in the future will have their UIB stopped without any

    written advance notice, or any written notice concurrent with the stoppage of UIB or any individualized notice of any kind.

8. On information and belief, the class equals or exceeds 100 persons and is so numerous that joinder of all members is impracticable.

9. There are numerous questions of fact and law common to the class concerning whether Defendant fails to provide adequate written notice prior to stopping payment of UIB or written notice concurrent to stopping payment of UIB, including the reason or justification for Defendant's action, or what they can do about it.

10. The individual Plaintiffs seeking to represent the class present claims that are typical of the claims of the class. Both the named Plaintiffs and absent members of the class have had their UI benefits terminated or suspended without any notice.

11. Declaratory and injunctive relief are appropriate with respect to the class as a whole because Defendant has acted on grounds applicable to the class.

12. The named Plaintiffs will adequately represent the class because their interests do not conflict with the interests of the members of the class they seek to represent. The proposed class is represented by Ellen Saideman and Lynette Labinger, who are both experienced in class action litigation and public benefits litigation in federal court. They will adequately represent the class.

## PARTIES

13. Plaintiff Steven Hanson is a resident of Warwick, Rhode Island. He is self-employed as a real estate appraiser. He had a stroke in the first weekend of March 2020, and he has uncontrolled blood pressure. His treating physician advised him that he was at high risk of COVID-19 and advised him to stop working because of the danger to his life posed by exposure to the virus. He applied for unemployment. His claim was dated April 19, 2020,

and it was approved with an effective date of April 20, 2020. Plaintiff's UIB started on April 21, 2020, but he did not receive any additional payments. His UIB was stopped without any written or other notice to Mr. Hanson. He has not been informed of any reason why his benefits were stopped, nor has he been informed about how to get his benefits to start again.

14. Plaintiff Randall Pelletier is a resident of Pawtucket, Rhode Island. He has been out of work since December 2019. His most recent unemployment claim was acknowledged as made on March 11, 2020 with an effective date of March 8, 2020. For the first time, his weekly UIB payment was not made when due May 5, 2020 without notice of any kind, and, for the second time, payment was not made when due on May 12, 2020. His benefits were reinstated on May 19, 2020 without explanation of the stoppage or the restoration. Because his employment is seasonal, he anticipates that he will continue to experience periods of unemployment in the future.

15. Defendant Scott Jensen is the Director of the Rhode Island Department of Labor and Training ("DLT"), the state agency responsible for administering the Unemployment Insurance program. He is sued in his official capacity and is hereinafter referred to as "DLT." Director Jensen has acted under color of state law within the meaning of 42 U.S.C. §1983.

## STATUTORY AND REGULATORY SCHEME

16. UI is a federally funded, state-administered program that provides cash benefits (UIB) to eligible workers when they lose employment. Pursuant to federal law, DLT collects state payroll taxes from covered employers in Rhode Island and pays UIB to eligible claimants.

17. UIB provides temporary financial assistance to unemployed workers who lose their employment due to no fault of their own. Each state may set its own additional requirements for eligibility, benefit amounts, and length of time that benefits can be paid.

18. To qualify for benefits, an individual must meet certain requirements.

19. As a result of the COVID-19 pandemic, more than 30 million Americans, including many thousands of individuals employed in Rhode Island, are experiencing unemployment as they have been furloughed or laid off or have had to leave their jobs to take care of their children after daycares and schools were ordered closed. DLT reported that 71,699 initial unemployment claims were made in April, an increase of 65,401 (1038.4%) from April 2019. http://www.dlt.ri.gov/lmi/uiadmin/update.htm. Another 32,890 claims for Pandemic Unemployment Assistance (PUA) claims were filed in April. *Id.* RI unemployment in the United States is at its highest level since the Great Depression. The official unemployment rate for Rhode Island was reported as 17% in April 2020. https://www.providencejournal.com/news/20200521/ri-unemployment-rate-hit-17-in-april.

20. In response to the coronavirus pandemic, Congress has acted to expand the availability of unemployment benefits. The Families First Coronavirus Response Act (FFCRA) was signed into law on March 18, 2020 and provided additional flexibility for state unemployment insurance agencies and additional administrative funding.

21. The Coronavirus Aid, Relief, and Economic Security (CARES) Act was signed into law on March 27, 2020. The CARES Act expands states' ability to provide unemployment insurance for many workers who have been affected by the COVID-19 pandemic, including many workers who under ordinary circumstances are not eligible for unemployment benefits. Gig economy workers, contract workers, small business owners, workers for hire, and self-employed workers who are out of work due to COVID-19 are all eligible for benefits. Even workers whose employers are still open are eligible for unemployment benefits if they are unable to work because of COVID-19. Many individuals are unable to work because schools

and daycares have closed, with the result that parents must stay home to supervise young children.

22. The CARES Act also provides an additional $600 per week through the end of July 2020.

23. Once individuals have filed a UI claim, they are required to certify for the weekly benefit payment every week that they are unemployed or under-employed. They are only paid for weeks in which they certified for payments.

24. Individuals may be paid by direct deposit or by electronic payment card (EPC).

25. Eligible claimants, including the individual Plaintiffs herein, have property interests created by federal law in their UI benefits, which are protected by the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

## FACTUAL ALLEGATIONS

### Facts Common to the Class

26. On information and belief, DLT has instituted and maintains a practice of stopping payment of UI benefits when due without written notice of any kind to the beneficiary.

27. On May 7, 2020, WPRI reported that "[a]n undisclosed number of Rhode Islanders have seen their jobless benefits frozen because of an ongoing federal investigation into unemployment fraud." https://www.wpri.com/target-12/ri-halts-unemployment-benefits-for-many-amid-federal-fraud-probe/ (May 7, 2020).

28. On information and belief, thousands of individuals determined by DLT to be eligible for UIB and for whom UIB payments commenced have had their UI benefits stopped or frozen without any written notice or individualized notice of any kind.

29. Individuals who attempt to contact DLT by phone to find out why their weekly UIB payments are not being made are often left on hold for hours and/or never get through to an individual

who can assist them.

30. Individuals who contact DLT by email or by making a submission through the DLT website to find out the status of their UIB often do not receive any response.

31. As a result of their UIB being stopped, many class members suffer hardships.

### Facts of Individual Named Plaintiffs

32. Steve Hanson resides in Warwick, Rhode Island in a household consisting of himself, age 69, and his wife, age 67.

33. Before COVID-19, Mr. Hanson worked.  He is self-employed as a real estate appraiser.  He had a stroke in the first weekend of March 2020, and he has uncontrolled blood pressure.  His treating physician advised him that he is at high risk for COVID-19 due to his age and health condition.  He advised Mr. Hanson to stop working because of the danger posed to his life by exposure to the virus.

34. Mr. Hanson and his wife depend on his income to help pay their living expenses, including their real estate taxes, property insurance, food, health insurance (supplemental health insurance and Medicare), and other expenses.  His wife also works as a nurse.  They both receive Social Security benefits and depend on their earned income to help make ends meet.

35. Mr. Hanson applied for unemployment benefits.  His claim was dated April 19, 2020, and it was approved with an effective date of April 20, 2020.  His benefit was paid to his bank account with Bank of America.  He has recertified every week, but he has not received any UIB since his first payment on April 21, 2020.

36. Mr. Hanson received no notice that his benefits were stopped.  He has not received any explanation for the stoppage nor any instructions on how to get his payments to resume.

37. Mr. Hanson called DLT when he first realized that he had not been paid. He waited on hold and was sometimes disconnected automatically, and he never connected with a person although he waited as long as four hours on hold. He also sent numerous emails, and he received two responses from a staff person who did not provide any information about why his benefits were terminated or what he could do to get them reinstated.

38. Randall Pelletier lives by himself in Pawtucket, Rhode Island. His last job was a seasonal job with the National Park Service. He has been out of work since December 2019.

39. Mr. Pelletier has been relying on the one-time federal "stimulus" payment and unemployment insurance benefits to make ends meet. His most recent unemployment claim was acknowledged as made on March 11, 2020 with an effective date of March 8, 2020. His first benefit payment posted, direct deposit, to his bank account on or about March 24, 2020.

40. Mr. Pelletier has duly recertified on the DLT website weekly, and he continued to receive direct deposits every Tuesday through April 27, 2020. He recertified for each of the following weeks, but he received no payment on May 5, 2020 or May 12, 2020.

41. When he first realized that he had not been paid, Mr. Pelletier called DLT on May 7, 2020, to try to find out why his benefit had not posted. The call went to a recording that "all lines were busy." He waited on the line for just under two and one-half hours until someone answered the call. At that point, when he explained his issue, he was told only that "payments have been delayed."

42. On May 12, 2020, Mr. Pelletier called DLT again. This time he waited approximately 50 minutes in order to speak with someone. This person explained that she had no access to his account and would pass the information on to someone else, who would call him back. He did not receive any call back.

43. Mr. Pelletier made numerous submissions through the DLT website, but he received no response.

44. On Tuesday, May 19, 2020, Mr. Pelletier's weekly benefits for the current week and the previous two weeks were deposited in his bank account. No explanation for the hold-up was ever provided.

45. While Mr. Pelletier is currently unemployed, he has been recalled to his seasonal employment with the Park Service and expects to start next week. Because this employment is seasonal, he anticipates that he will continue to experience periods of unemployment in the future.

## STATEMENT OF CLAIMS

### COUNT I (Violation of UI Act)

46. The UI statute requires that a State "insure full payment of unemployment compensation when due," 42 U.S.C. § 503(a)(1).

47. The pertinent federal regulation requires that "a State law include provision for such methods of administration as will reasonable [sic] insure the full payment of unemployment benefits to eligible claimants with the greatest promptness that is administratively feasible." 20 C.F.R. § 640.3(a).

48. The UI statute provides for procedural due process, including a fair hearing, whenever UI benefits are denied. 42 U.S.C. § 503(a)(3).

49. Defendant's policies, practices, and procedures of stopping payment of UIB without any written advance or concurrent notice violates the requirements of 42 U.S.C. § 1983 and 42 U.S.C. § 503 (a)(1) & (3).

## COUNT II (Denial of Due Process)

50. Defendant's policies, practices, and procedures of failing to provide any notice to UIB recipients before or concurrent with stopping the payment of UI benefits have denied Plaintiffs and the members of Plaintiff class procedural due process in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask that this Court enter judgment in favor of Plaintiffs and the class they represent, as follows:

A. Assume jurisdiction of this matter;

B. Certify this action as a class action under Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure with respect to the proposed class identified herein.

C. Declare that Defendant's policies and practices of failing to provide adequate notice to UI recipients violate (1) the UI statute, 42 U.S.C. § 503, and (2) the Due Process Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

D. Temporarily, preliminarily, and permanently enjoin Defendant: (1) from stopping UIB without adequate advance written notice; (2) to reinstate individual class members whose UI benefits were stopped without adequate advance written notice and provide them with retroactive benefits.

E. Award Plaintiffs litigation costs and reasonable attorney's fees, pursuant to 42 U.S.C. §1988 and

F. Grant such other, further, or different relief as the Court may deem just and proper.

                                      Respectfully submitted by:

May 27, 2020                  /s/ Ellen Saideman
                                      Ellen Saideman, Esq. (Bar No. 6532)
                                      Law Office of Ellen Saideman
                                      7 Henry Drive
                                      Barrington, RI  02806
                                      401.258.7276
                                      fax 401.709.0213
                                      esaideman@yahoo.com
                                      Lead Counsel

                                      /s/ Lynette Labinger
                                      Lynette Labinger, Esq. (Bar No. 1645)
                                      128 Dorrance Street, Box 710
                                      Providence, RI  02903
                                      Telephone:  401.465.9565
                                      LL@labingerlaw.com

                                      Cooperating counsel
                                      AMERICAN CIVIL LIBERTIES UNION
                                      FOUNDATION OF RHODE ISLAND