UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STEVEN HANSON and RANDALL PELLETIER, on behalf of themselves and all others similarly situated,<br>    PLAINTIFFS<br><br>v.<br><br>SCOTT R. JENSEN, in his official capacity as Director of the Rhode Island Department of Labor and Training<br>    DEFENDANT | Case Number: 20-cv-00232 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION**

**PRELIMINARY STATEMENT**

In this action for declaratory and injunctive relief, including a temporary restraining order, preliminary injunction, and permanent injunction, Plaintiffs Hanson and Pelletier, on behalf of themselves and a proposed class of similarly situated recipients of Rhode Island Unemployment Insurance Benefits (UIB), challenge Defendant's stoppage of UIB, as violating their rights and the rights of the class under 42 U.S.C.§ 1983, 42 U.S.C. § 503, and implementing federal regulations, and the Due Process Clause of the Fourteenth Amendment. These violations have resulted or will result in the loss of UI benefits and, therefore, extreme hardship for many vulnerable individuals.

Plaintiffs move the Court for an order pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, certifying a class consisting of the following members:

> Individuals who are or at any time on or after March 1, 2020 have been eligible for Rhode Island Unemployment Insurance Benefits (UIB) and have been determined eligible for UIB by the Rhode Island Department of Labor and Training, and who, subsequent to receiving approval for the UIB and receiving at least one payment of UIB, stopped receiving UIB when due without any written advance notice, or any written notice concurrent with the stoppage of UIB or any individualized notice of any kind, and those who in the future will have their UIB stopped without any

1

written advance notice, or any written notice concurrent with the stoppage of UIB or any individualized notice of any kind.

For the reasons set forth herein, Plaintiffs respectfully request that the Court grant class certification, designate Plaintiffs as class representatives and their undersigned counsel as class counsel.

**ARGUMENT**

**THE PROPOSED CLASS SHOULD BE CERTIFIED BECAUSE IT MEETS THE REQUIREMENTS OF RULE 23**

Class certification is governed by Rule 23 of the Federal Rules of Civil Procedure. Under Rule 23, class certification is appropriate when the threshold requirements of Rule 23(a) are satisfied, and one of the three subsections of Rule 23(b) has been met. Fed. R. Civ. P. 23; *see also Yaffe v. Powers*, 454 F.2d 1362, 1366 (1st Cir. 1972). The First Circuit also requires that the class be ascertainable. *See In re Nexium Antitrust Litig.*, 777 F.3d 9, 19 (1st Cir. 2015).

Courts in this Circuit routinely certify classes of public benefits recipients and applicants in similar cases challenging policies or practices relating to the administration of public benefits, including UI benefits. *See, e.g., Van Meter v. Harvey*, 272 F.R.D. 274, 284 (D. Me. 2011) (certifying a class of certain Medicaid recipients who are or in the future should be screened for admission to nursing facilities); *Risinger ex rel Risinger v. Concannon*, 201 F.R.D. 16, 23 (D. Me. 2001) (current or future Medicaid recipients who are children regarding certain mental health services); *Curtis v. Comm'r, Me. Dep't of Human Servs.*, 159 F.R.D. 339, 342 (D. Me. 1994) (Food Stamps recipients); *Febus v. Gallant*, 866 F. Supp. 45, 46 (D. Mass. 1994) (public benefit recipients, including Medicaid recipients, sent an inadequate notice); *Bouchard v. Sec'y of Health & Human Serv.*, 583 F. Supp. 944, 946-47 (D. Mass. 1984) (noting court had certified class of SSI categorically eligible individuals); *Giguere v. Affleck*, 370 F. Supp. 154 (D.R.I. 1974)

(certifying a class of Food Stamps recipients); *Bowen v. Hackett*, 361 F. Supp. 854, 855 (D.R.I. 1973) (noting court had previously certified a class of UI benefit recipients).

The proposed class of UI recipients satisfies Rule 23(a) and Rule 23(b)(2).

**1.     The Proposed Class Meets the Ascertainability Requirement**

The First Circuit imposes an ascertainability requirement in addition to the four factors specifically listed in Rule 23(a). *See In re Nexium*, 777 F.3d at 19. The definition of the class must be "definite," meaning ""ascertainable with reference to objective criteria."" *Id., quoting* William B. Rubinstein, Newberg on Class Actions §§ 3.1, 3.3 (2013). Thus, it must be "administratively feasible for the court to determine whether a particular individual is a member [of the class]." *Donovan v. Phillip Morris USA, Inc.*, 268 F.R.D. 1, 9 (D. Mass. 2010), *quoting Kent v. Sunamerica Life Ins. Co.*, 190 F.R.D. 271, 278 (D. Mass. 2000). In *Donovan*, the court held that the two proposed criteria, first, a history of smoking at least one pack a day for twenty years, and, second, not being under a doctor's care for lung cancer, were both objective criteria, noting that the defendant had an internal database of long-term customer information. *Id.*

Here, the proposed class satisfies the ascertainability requirement. The proposed class is made up of:

> Individuals who are or at any time on or after March 1, 2020 have been eligible for Rhode Island Unemployment Insurance Benefits (UIB) and have been determined eligible for UIB by the Rhode Island Department of Labor and Training, and who, subsequent to receiving approval for the UIB and receiving at least one payment of UIB, stopped receiving UIB when due without any written advance notice, or any written notice concurrent with the stoppage of UIB or any individualized notice of any kind, and those who in the future will have their UIB stopped without any written advance notice, or any written notice concurrent with the stoppage of UIB or any individualized notice of any kind.

.

The class definition relies entirely on objective criteria: the status of individuals as UIB recipients. The defendant has a database that includes all UIB recipients and identifies which

recipients have been terminated or suspended from receiving UIB and which identifies whether recipients have received any written notice prior to the termination or suspension of benefits. The identities of proposed class members are therefore already available in Defendant's records. *See Donovan,* 268 F.R.D. at 9. The proposed class is well-defined and ascertainable.

**2.    The Proposed Class Meets the Requirements of Rule 23(a)**

Rule 23(a) sets out four requirements: "(1) the class is so numerous that joinder of all of its members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). As demonstrated below, Plaintiff satisfies these criteria.

**a.    The Proposed Class Satisfies the Numerosity Requirement**

The numerosity requirement of Rule 23(a)(1) is satisfied when "the class is so numerous that joinder of all of its members is impracticable." Fed. R. Civ. P. 23(a)(1). "There is no numerical standard as to what size class satisfies the joinder impracticality requirement," so the Court "must examine the facts and circumstances of the particular case…" *Curtis*, 159 F.R.D. at 340. It is not necessary for the Court to determine the exact number of class members when deciding to certify a class. *McDonald v. Heckler*, 612 F. Supp. 293, 300 (D. Mass. 1985) (certifying a class relying on statistical evidence of class size). Courts may also consider "judicial economy and the ability of the members to institute individual suits." *Curtis*, 159 F.R.D. at 340.

Noting that the threshold for numerosity is "low," the First Circuit approvingly quoted from *Stewart v. Abraham*, 275 F.3d 220, 226–27 (3rd Cir. 2001): "Generally, if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule

23(a) has been met." *Garcia-Rubiera v. Calderon*, 570 F.3d 443, 462 (1st Cir. 2009) (citing Stewart); *see also Van Meter,* 272 F.R.D at 281 ("the figure of forty is a useful guide in considering how many class members meet the numerosity requirement"). Courts in this circuit have held that a number of relatively small classes and subclasses satisfied the numerosity requirement. *See, e.g., Crowe v. ExamWorks, Inc.*, 136 F. Supp. 3d 16, 47 (D. Mass. 2015) (class of 47 employees is sufficiently numerous); *Griffin v. Burns*, 431 F. Supp. 1361, 1365 (D.R.I. 1977) (class of 123 voters is sufficiently numerous).

The instant proposed class easily satisfies the numerosity requirement. Public reports estimate that thousands of UIB recipients have been or are being subjected to stoppage of UIB without any notice. (https://www.abc6.com/fraud-stops-thousands-of-rhode-islanders-from-collecting-unemployment-payments/)

Additionally, the class members are distributed across the state, making joinder impracticable. *See Wilcox v. Petit*, 117 F.R.D. 314, 317 (D. Me. 1987). Further, the class members are all UI beneficiaries, making it impracticable for them to bring individual lawsuits to vindicate their rights. *See Van Meter*, 272 F.R.D. at 282 (limited financial resources of Medicaid recipients a factor in finding individual actions impracticable); *McDonald*, 612 F. Supp. at 300 (holding it was impracticable for low-income persons with disabilities to bring individual lawsuits).

The class also includes individuals who may be injured in the future. *See also Rancourt v. Concannon*, 207 F.R.D. 14, 15 (D. Me. 2002) (noting, as part of the court's numerosity analysis, that "the Court may also consider persons who might be injured in the future in the class"). The proposed class satisfies the numerosity requirement.

### b. The Proposed Class Satisfies the Commonality Requirement

The commonality requirement is satisfied when "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). More specifically, in order to satisfy the commonality requirement, "claims must depend upon a common contention," and that contention must be "capable of a classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2009). "[T]here is sufficient commonality if the 'questions that go to the heart of the elements of the cause of action . . . will each be answered either 'yes' or 'no' for the entire class [and] the answers will not vary by individual class member.'" *In re Celexa & Lexapro Mktg. & Sales Practice Litig.*, 315 F.R.D. 116, 121–22 (D. Mass. 2016) (quoting *Donovan v. Philip Morris USA, Inc.*, 2012 U.S. Dist. LEXIS 37974, at *21 (D. Mass. Mar. 21, 2012)).

The proposed class satisfies the commonality requirement. All members of the proposed class have suffered or will suffer the same harms, namely, termination or suspension of UI benefits without any notice. The harms suffered by the class members all stem from Defendant's actions. Finally, the rights of all members of the proposed class will be vindicated in the event of the issuance of an injunction requiring that Defendant provide written notice. The proposed class satisfies the commonality requirement.

### c. The Proposed Class Satisfies the Typicality Requirement.

To satisfy the typicality requirement, the claims or defenses of the representative parties must be typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). The representative parties are typical when their claims are "co-extensive with those of the unnamed class members," *McDonald*, 612 F. Supp. at 300, or when "all claims arise from the same practice or course of conduct . . .and are based upon the same legal theory." *Wilcox*, 117 F.R.D. at 318. Thus, in *Risenger*, the court held that typicality was met when "Plaintiffs invoke the same Medicaid Act

provisions that are invoked on behalf of all class members and allege they face the same systemic deficiencies." 201 F.R.D. at 22.

The typicality requirement is satisfied when "the representative Plaintiff…is subject to the same statute and policy as the class members." *Curtis*, 159 F.R.D. at 341. In this action, the class representatives and the class members are all subject to the same process—cessation of previously approved UIB without any notice of the Department's action, reasons, justification, or what they can do about it.

Plaintiffs Hanson and Pelletier are typical of the class. Hanson is self-employed as a real estate appraiser, and his treating physician advised him to stop work because he is at high risk for Covid-19 due to his age (69) and his health condition (recent stroke and uncontrolled high blood pressure). Hanson Declaration, ¶ 4. He applied and was approved for UIB in April 2020, and he received his first payment on April 21, 2020. *Id.,* ¶¶ 5, 8. His benefits stopped, and he has not received any additional payments since then although he has recertified weekly. *Id.,* ¶ 6, 8d. His wife works as a nurse, and they receive Social Security benefits. They depend on his earned income to help pay for their living expenses. *Id.,* ¶ 10. When Plaintiff Hanson first realized that he had not been paid, he called DLT. He waited on hold and was sometimes disconnected automatically, and he never connected with a person, even though he waited as long as four hours on hold. He also sent numerous emails, and he received two responses from a staff person who did not provide any information about why his benefits were terminated or what he could do to get them restored. *Id.,* ¶ 9.

Plaintiff Pelletier is a seasonal worker with the National Park Service. His most recent claim for UIB was filed on March 11, 2020, with an effective date of March 8, 2020. Pelletier Declaration, ¶ 6. He received weekly benefits starting on or about March 24, 2020 through April

27, 2020. *Id.*, ¶ 7. Although he recertified weekly, he did not receive payments on May 5, 2020 and May 12, 2020. *Id.*, ¶ 7d. He called DLT on May 7 to find out why his benefits were not posted, and he waited on hold for just under two and a half hours before he reached a DLT staff person who could only tell him that his "payments have been delayed." *Id.*, ¶ 8. He called again on May 12 and, after approximately fifty minutes, he reached a DLT staff person who told him that someone would call him back. *Id.*, ¶ 9. He did receive his weekly benefits on May 19, together with the last two weeks, but no explanation for the delayed payment was provided. *Id.*, ¶ 11. Because his work is seasonal, he anticipates that he will continue to experience period of unemployment in the future. *Id.*, ¶ 12.

Each Plaintiff has suffered the same harm as each of the proposed absent class members – the stoppage of their UIB without notice -- and that harm results from a common set of policies and practices. The claims of the class representative are typical of the claims of the proposed class.

### d. The Proposed Class Is Adequately Represented

The adequacy of representation requirement exists to ensure that class representatives will fairly and adequately protect the interests of the class members. Fed. R. Civ. P. 23(a)(4). The adequacy of representation analysis involves the consideration of two factors: (1) whether any conflicts of interest exist between the class representatives and the class; and (2) "whether the plaintiff's counsel will vigorously prosecute the litigation on behalf of the class." *Curtis*, 159 F.R.D. at 341; *McDonald*, 612 F. Supp. at 300; *Wilcox*, 117 F.R.D. at 318.

There is no conflict of interest between the proposed class representatives and the absent class members. Both the individual Plaintiffs and the class members have all suffered from the same harms, and both the individual Plaintiffs and the class members seek declaratory and injunctive relief to ensure that Defendant remedies on-going systemic issues regarding the

absence of any written notice before stopping UIB. This request for relief does not present any conflicts between or among class members.

Class counsel here is competent to represent the interests of the class. Ellen Saideman and Lynette Labinger, cooperating counsel for the American Civil Liberties Union Foundation of Rhode Island, are both experienced in public benefits class action litigation. They were co-counsel in *Correa v. Hawkins*, 1:19-00656-JJM-PAS (D.R.I.) (putative class action challenging notices of overpayments of SNAP benefits) and *Scherwitz v. Beane,* 1:18-cv-00005-WES-LDA (D.R.I.) (putative class action challenging lack of notice when certain Medicaid benefits were terminated). Ellen Saideman has previously litigated cases that, among other things, involved inadequate notice under federal Medicaid law in this Court and in the Southern District of Florida, and obtained class-wide relief for thousands of individuals. *See Prado-Steiman v. Bush,* 221 F.3d 1266 (11th Cir. 2000) (class certification decision). Lynette Labinger has previously been appointed class counsel by this Court. *See, e.g., Chapdelaine v. Neronha*, 15-cv-450; *Cohen v. Brown University*, 92-cv-197.

The class representatives and their counsel, thus, will adequately represent the proposed class.

3. **The Proposed Class Satisfies Rule 23(b)(2)**

In addition to satisfying the four requirements of Rule 23(a) and the implicit ascertainability requirement, proponents of a proposed class must satisfy one of the three conditions listed in Rule 23(b). Fed. R. Civ. P. 23(b); *Curtis*, 159 F.R.D. at 341. The proposed class seeks injunctive and declaratory relief under Rule 23(b)(2).

Rule 23 (b)(2) is satisfied when the Defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory

9

relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); *see also Wal-Mart*, 564 U.S. at 360; *Curtis,* 159 F.R.D. at 340. Class certification pursuant to Rule 23(b)(2) is appropriate when the predominant relief sought is injunctive or declaratory relief. "Cases seeking declaratory or injunctive relief regarding government benefits are particularly appropriate for class certification." *Curtis*, 159 F.R.D. at 340. *See also Lund v. Affleck*, 388 F. Supp. 137, 140 (D.R.I. 1975) (certifying a class of minor parents eligible for AFDC benefits pursuant to Rule 23(b)(2)); *Giguere*, 370 F. Supp. 154 (certifying a class of Food Stamps recipients pursuant to Rule 23(b)(2)).

In this action, the Defendant's policies and practices are resulting in stoppage of UIB without any written notice at all. All class members have suffered harm due to a policy or official practice that "appl[ies] generally to the class." Fed. R. Civ. P. 23(b)(2). The class seeks a temporary restraining order and both preliminary and permanent injunctions ordering Defendant to stop terminating or suspending the payment of UIB without notice. The proposed class satisfies Rule 23(b)(2).

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that, pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, the Court certify the action to proceed as a class action, designate Plaintiffs as class representatives and undersigned counsel as class counsel for the proposed class of:

> Individuals who are or at any time on or after March 1, 2020 have been eligible for Rhode Island Unemployment Insurance Benefits (UIB) and have been determined eligible for UIB by the Rhode Island Department of Labor and Training, and who, subsequent to receiving approval for the UIB and receiving at least one payment of UIB, stopped receiving UIB when due without any written advance notice, or any written notice concurrent with the stoppage of UIB or any individualized notice of any kind, and those who in the future will have their UIB stopped without any

10

written advance notice, or any written notice concurrent with the stoppage of UIB or any individualized notice of any kind.

Respectfully submitted,

/s/ Ellen Saideman

Ellen Saideman, Esq. (Bar No. 6532)
Law Office of Ellen Saideman
7 Henry Drive
Barrington, RI  02806
Telephone:  401.258.7276
Facsimile:   401.709.0213
Email:  esaideman@yahoo.com

/s/ Lynette Labinger
Lynette Labinger, Esq., (Bar No. 1645)
128 Dorrance Street, Box 710
Providence, RI  02903
Telephone:  401.465.9565
LL@labingerlaw.com

Cooperating counsel
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF RHODE ISLAND

CERTIFICATE OF SERVICE

I hereby certify that I filed the within document via the ECF system on this 27th day of May, 2020 and that it is available for viewing and downloading to all counsel of record and that I provided the within document by email to:

Brenda Baum
bbaum@riag.ri.gov

Miriam Weizenbaum
mweizenbaum@riag.ri.gov

/s/ Ellen Saideman
Ellen Saideman, Esq.