## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **STEVEN HANSON and RANDALL PELLETIER,** on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*<br><br>**v.**<br><br>**SCOTT R. JENSEN,** in his official capacity as Director of the Rhode Island Department of Labor and Training<br>*Defendant.* | **C.A. No. 20-cv-00232-WES-PAS** |

### DEFENDANT'S AMENDED ANSWER TO THE COMPLAINT

Now comes Defendant, Scott R. Jensen in his official capacity as Director of the Rhode Island Department of Labor and Training ("Defendant"), and hereby responds to the Class Action Complaint ("Complaint"):

1. Admit that Steven Hanson is a recipient of Unemployment Insurance benefits. Admit that his claim was filed on April 8, 2020 with an effective date of April 5, 2020. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1 of Plaintiffs' Complaint and, on that basis, denies them.

2. Admit that Randall Pelletier is a recipient of Unemployment Insurance benefits. Admit that his claim was dated March 11, 2020 and that it was approved with an effective date of March 8, 2020. Defendant lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations in Paragraph 2 of Plaintiffs' Complaint and, on that basis, denies them.

3. Paragraph 3 provides a preliminary statement to which no response is necessary. To the extent it requires a response, it is denied.

## JURISDICTION AND VENUE

4. Paragraph 4 states a legal conclusion to which no response is necessary. To the extent it requires a response, it is denied.

5. Paragraph 5 states a legal conclusion to which no response is necessary. To the extent it requires a response, it is denied.

6. Paragraph 6 states a legal conclusion to which no response is necessary. To the extent it requires a response, it is denied.

## CLASS ALLEGATIONS

7. Defendant denies Paragraph 7 of Plaintiffs' Complaint.

8. Defendant denies Paragraph 8 of Plaintiffs' Complaint.

9. Defendant denies Paragraph 9 of Plaintiffs' Complaint.

10. Defendant denies Paragraph 10 of Plaintiffs' Complaint.

11. Defendant denies Paragraph 11 of Plaintiffs' Complaint.

12. Defendant admits that Lynette Labinger and Ellen Saideman are counsel who have experience in class action litigation and public benefits litigation in federal court and could serve as class counsel.  To the extent Paragraph 12 alleges other facts, it is denied.

## PARTIES

13. Admit that Steven Hanson was a recipient of Unemployment Insurance benefits. Admit that his claim was dated April 8, 2020 and that it was approved with an effective date of April 5, 2020. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13 of Plaintiffs' Complaint and, on that basis, denies them.

14. Admit that Randall Pelletier was a recipient of Unemployment Insurance benefits. Admit that his claim was dated March 11, 2020 and that it was approved with an effective date of March 8, 2020. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 14 of Plaintiffs' Complaint and, on that basis, denies them.

15. Admit.

## STATUTORY AND REGULATORY SCHEME

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. Admit.

21. Admit.

22. Admit.

23. Admit.

24. Admit.

25. Paragraph 25 states a legal conclusion to which no response is necessary. To the extent it requires a response, it is denied.


## FACTUAL ALLEGATIONS

### Facts Common to the Class

26. Denied.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of Plaintiffs' Complaint and, on that basis, denies it.

28. Denied.

29. Denied.

30. Denied.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of Plaintiffs' Complaint and, on that basis, denies it.

### Facts of Individual Named Plaintiffs

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of Plaintiffs' Complaint and, on that basis, denies it.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of Plaintiffs' Complaint and, on that basis, denies it.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of Plaintiffs' Complaint and, on that basis, denies it.

35. Admit that Steven Hanson is a recipient of Unemployment Insurance benefits. Admit that his claim was dated April 19, 2020 and that it was approved with an effective date of April 20, 2020. Deny that he has recertified every week. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 35 of Plaintiffs' Complaint and, on that basis, denies them.

36. Denied.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of Plaintiffs' Complaint and, on that basis, denies it.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of Plaintiffs' Complaint and, on that basis, denies it.

39. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of Plaintiffs' Complaint and, on that basis, denies it.

40. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of Plaintiffs' Complaint and, on that basis, denies it.

41. Defendant lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of Plaintiffs' Complaint and, on that basis, denies it.

42. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of Plaintiffs' Complaint and, on that basis, denies it.

43. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of Plaintiffs' Complaint and, on that basis, denies it.

44. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of Plaintiffs' Complaint and, on that basis, deny it.

45. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of Plaintiffs' Complaint and, on that basis, denies it.

## STATEMENT OF CLAIMS

### COUNT I (Violation of UI Act)

46. 42 U.S.C. § 503(a)(1) speaks for itself and any summary or partial representation is denied.

47. 20 C.F.R. § 640.3(a) speaks for itself and any summary or partial representation is denied.

48. Paragraph 48 states a legal conclusion to which no response is necessary. To the extent it requires a response, it is denied.

49. Denied.

### COUNT II (Denial of Due Process)

50. Denied.

WHEREFORE, Defendant respectfully requests that Plaintiffs' Complaint be dismissed in its entirety; that Judgment enter for the Defendant; that costs and attorney's fees be awarded to the Defendant, and such other and further relief as justice may require.

Respectfully submitted,

DEFENDANT
SCOTT R. JENSEN, in his Official Capacity
as the Director of the Rhode Island
Department of Labor and Training

By his Attorney,

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Brenda D. Baum*
Brenda D. Baum (5184)
Assistant Attorney General
150 South Main St.
Providence, RI 02903
Tel: (401) 274-4400 x2294
Fax: (401) 222-2995
bbaum@riag.ri.gov

## <u>AFFIRMATIVE DEFENSES</u>

Defendant asserts the following affirmative defenses in response to Plaintiffs' Complaint:

### <u>FIRST AFFIRMATIVE DEFENSE</u>

Plaintiffs' Complaint fails to state a claim upon which relief can be granted. Plaintiffs' Complaint fails to allege facts sufficient to show that Plaintiffs are entitled to relief against Defendant.

### <u>SECOND AFFIRMATIVE DEFENSE</u>

To the extent the Defendant is not otherwise immune from liability, which is expressly denied, the monetary limitation on damages set forth in R.I. Gen. Laws § 9-31-1, *et seq.*, applies to this action.

### <u>THIRD AFFIRMATIVE DEFENSE</u>

Defendant asserts any and all applicable defenses relating to the doctrine of discretionary immunity.

### <u>FOURTH AFFIRMATIVE DEFENSE</u>

Defendant pleads the defense of no duty owed to the Plaintiffs, and in the alternative, that Defendant has met any duty imposed on it under law.

### <u>FIFTH AFFIRMATIVE DEFENSE</u>

At all times material to the matters alleged in the Complaint, Defendant was in the exercise of due care and had in good faith duly fulfilled any and all duties owed to Plaintiffs if, in fact, any duties were owed.

### <u>SIXTH AFFIRMATIVE DEFENSE</u>

Defendant asserts that Plaintiffs caused and/or contributed to the alleged injuries or damages complained of, and therefore, Defendant pleads the doctrine of comparative and/or contributory negligence.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant's conduct was not the legal cause of damages to Plaintiffs, if any.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are moot.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing.

## ELEVENTH AFFIRMATIVE DEFENSE

The Defendant satisfied any and all laws and regulations and the principles of due process.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert such other and further defenses not specifically asserted herein.

WHEREFORE, Defendant respectfully requests that Plaintiffs' Complaint be dismissed in its entirety; that Judgment enter for the Defendant; that costs and attorney's fees be awarded to the Defendant and such other and further relief as justice may require.

Respectfully submitted,

DEFENDANT
SCOTT R. JENSEN, in his Official Capacity
as the Director of the Rhode Island
Department of Labor and Training

By his Attorney,

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Brenda D. Baum*
Brenda D. Baum (5184)
Assistant Attorney General
150 South Main St.
Providence, RI 02903
Tel: (401) 274-4400 x 2294
Fax: (401) 222-2995
bbaum@riag.ri.gov

## CERTIFICATE OF SERVICE

I hereby certify that I filed the within document via the ECF filing system on this 10th day of February 2020 and that a copy is available for viewing and downloading.

*/s/ Brenda D. Baum*

11